JAMES M. HUTCHINSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM N. HUTCHINSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 11284, 11285. Promulgated April 23, 1928.

*John D. Watkins, Esq.*, and *F. O. Graves, Esq.*, for the petitioners.
*L. A. Luce, Esq.*, for the respondent.

790

OPINION.

SMITH: 1. The first question presented is whether the amounts of money paid by the petitioners from the profits of a business conducted by them under the name and style of James Hutchinson & Sons are taxable income of the petitioners. The petitioners filed partnership returns and claimed the amounts paid as deductions from gross income in such returns.

We have no doubt that the petitioners' sisters had an interest in the business conducted. The business was subject to an annual charge of $100 per month to each of the petitioners' three sisters so long as they should remain "single and unmarried." The entire profits of the business did not belong to the petitioners but only the excess of the profits over the amounts reserved to the decedent's daughters by his will. The profits of the business payable to the unmarried daughters were received by the petitioners as trustees for the daughters and not as income to themselves. The facts are similar to those which obtained in *C. R. Thomas*, 8 B. T. A. 118, wherein we held that the member of a partnership is not individually taxable on so much of the partnership income as is attributable to an interest in his interest in the partnership which, at the date of the formation of the partnership, he had sold to a third person, although such purchaser was not a member of the partnership. In that opinion we stated:

While the daughter was not entitled to share as a member of the Drilling Company in the profits of that partnership, and while such share was payable in the first instance to petitioner, yet the instant he received what was in realty her share he at once held her share as trustee for her. * * * This income was, as to her, taxable income and as such has been properly returned and taxed. This income which was taxable to the daughter was not, under the facts of this case, at the same time taxable also to petitioner. He held it as trustee, and since it was at once distributable, he had the right under section 219 of the Revenue Act of 1918 to deduct it from the gross income of the trust.

The same principle applied to the facts in this case compels the conclusion that the portion of the income of the business paid over

to the petitioners' sisters during the taxable year was not income of the petitioners.

2. The petitioners allege that the sum of $3,360 received by James Hutchinson & Sons in 1920 from Ham & Seymour Co. was a mere gratuity and should not be included in gross income for that year. The evidence does not, however, support the proposition thus advanced. The petitioners negotiated the sale of a contract for the sale of sugar by Ham & Seymour Co. to Liggett & Myers Tobacco Co. The petitioners performed all the services required of them and Ham & Seymour Co. sent them a check for $3,360 to compensate them for those services. The contention of the petitioners that Ham & Seymour Co. was not legally liable for the payment of the money and that it sent the check merely to retain the good will of the petitioners with regard to other contracts is beside the question. The amount was received for services performed and constituted a part of the taxable income of the petitioners in 1920.

3. William N. Hutchinson seeks a deduction amounting to $1,500 for 1921 and $700 for 1922 for alleged bad debts of his brother, George. The evidence discloses that although his brother had not repaid the money advanced to him in 1920 and 1921, nevertheless, the petitioner continued to advance him money in 1922. George H. Hutchinson was one of the heirs of his father and had an interest in a considerable amount of property held by the petitioners as trustees. The record fails to show what efforts if any were made by the petitioner to collect the debts in question. Since apparently he had security for valid claims against his brother, George, the action of the respondent in disallowing the deduction of the alleged bad debts is sustained.

*Judgment will be entered on 15 days' notice, under Rule 50.*